# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| TROY ANTHONY SHAY | CIVIL ACTION NO. 3:10-CV-0516 |
|     LA. DOC #179625 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| ERIC L. JOSEPH, ET AL. | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Troy Anthony Shay, proceeding *in forma pauperis*, filed the instant complaint on March 19, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana. Plaintiff utilized the form provided to prisoners for filing civil rights complaints pursuant to 42 U.S.C. §1983. However, he filed suit against Eric Joseph and the Progressive Insurance Company seeking compensatory damages for injuries he sustained as a result of an automobile accident in Lafayette, Louisiana in April 2009. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted, and that his state law tort claim be dismissed without prejudice for lack of subject matter jurisdiction.

### *Background*

Plaintiff is an LDOC inmate who is incarcerated at the FPDC in Winnsboro, Louisiana. He claims that he was involved in an automobile accident in Lafayette on April 8, 2009.  He

implies that Eric Joseph was at fault and that Joseph was uninsured at the time of the accident. He also sues the Progressive Insurance Co., the insurer of the vehicle plaintiff occupied at the time of the accident.  Plaintiff claims that he suffered a back injury in the collision and that he is entitled to unspecified damages for lost wages, pain and suffering, and loss of rental property. He also seeks reimbursement of hospital bills.

### *Law and Analysis*

### *1. Screening*

Plaintiff has been permitted to proceed *in forma pauperis*.  When a prisoner is allowed to proceed *in forma pauperis*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. Civil Rights

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[1] The "under-color-of-state-law" element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,' " *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), cited in *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999).

---

[1] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

Plaintiff, a Louisiana resident,  sues another Louisiana resident for injuries sustained in motor vehicle accident. Plaintiff's complaint does not allege the deprivation of any rights secured by the Constitution or laws of the United States; nor does he allege that the defendants were "state actors," that is operating under color of state law. (Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion).)

Plaintiff's complaint does not state a claim arising under this court's federal question jurisdiction.  In addition, because the plaintiff is a Louisiana citizen who is suing defendants who are also Louisiana citizens, there is no diversity of citizenship, and this court therefore does not have jurisdiction over the plaintiff's state law tort claim.  28 U.S.C. §1332.  That claim should be dismissed without prejudice, so that plaintiff can re-file it in state court should he so desire.

Plaintiff has established neither federal question or diversity jurisdiction.  Therefore

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).  Given the lack of diversity jurisdiction between the plaintiff and the defendants, it is further recommended that the plaintiff's state law tort claim be dismissed **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, May 7, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE